Herbert and Gloria **ARNOLD**, Plaintiffs,

v.

**UNITED STATES** of America, **Defendants.**

**No. 67C1124**

United States District Court
E. D. New York.

Sept. 9, 1968.

---

7. See Frank, Courts on Trial 266–67 (1949 [First Atheneum ed. 1963]).

Ernest R. Field, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, Brooklyn, for defend-ants; by Stephen J. Csontos, Atty., Tax Division, Dept. of Justice, of counsel.

## OPINION

JUDD, District Judge.

In an action for recovery of personal income taxes paid for the calendar year 1963, plaintiffs have moved for summary judgment and defendant has made a cross-motion for summary judgment. The material facts are not subject to any substantial dispute. Legal issues exist as to the year to which the tax applies, and as to the taxability of moneys received from an insurer for abnormal living expenses incurred after a fire in plaintiffs' home.

A fire occurred in plaintiffs' residence in Glen Head, New York, in December, 1963. As a result of the fire, plaintiffs and their children had to obtain other quarters, and lived for about two months in a hotel, a motel and a rented house. Expenses thus incurred, in excess of plaintiffs' normal living expenses, were partially reimbursed by their insurance company, in the amount of $2,520. This sum was not reported in plaintiffs' 1963 or 1964 income tax returns. The Commissioner of Internal Revenue therefore assessed additional income taxes for 1963, which were paid. After a timely claim for refund, this action was begun. Plaintiffs are cash basis taxpayers.

Plaintiffs allege that the insurance payment was not received until after February 15, 1964, and therefore could not be assessed as 1963 income. The government asserts that the time of receipt constitutes a factual issue, but maintains that the question is irrelevant because not raised in plaintiffs' claim for refund. As to the factual issue, the government has not set forth specific facts showing that there is a genuine issue for trial. The original refund claim set forth that the fire occurred in December, 1963, and that temporary housing was necessary for 65 days, which would clearly indicate that any insurance reimbursement did not come until 1964. After receiving a response to interrogatories, which showed that the payment was re-

ceived in 1964, and a definite statement to the same effect in plaintiffs' motion papers, defendant has had sufficient opportunity to establish facts which would refute plaintiffs' allegations. It cannot now rely on a bare denial to create an issue for trial.

■ The original claim for refund presented the issue of taxability, rather than the year of payment, but this was followed by a second claim for refund, dated August 5, 1968, which clearly argued that the reimbursement did not constitute income in 1963. The second refund claim was timely, since the tax in dispute was not paid until September, 1966, and the two-year limitation had not expired (I.R.C. § 6511 [a]). Successive refund claims may be filed involving the same assessment, within the statutory time limit (Kellogg-Citizens Nat. Bank of Green Bay, Wis. v. United States, 330 F.2d 635, 639, n. 4, 165 Ct.Cl. 452 [1964]). Since the government is contesting the claim on the merits, it is clear that the second refund claim would be denied. Nothing would be gained by requiring the taxpayers to discontinue the present action and start a new one after formal denial of the second refund claim.

■ The government asserts that it would be prejudiced by recognizing the year of taxability as an issue, because the period provided in I.R.C. § 6501 for assessing a deficiency in 1964 income taxes has expired. This argument overlooks the provisions for mitigation of the effect of limitations in I.R.C. §§ 1311–1315. Therefore, plaintiffs are entitled to have the assessment as a 1963 deficiency corrected, but subject to readjustment of their 1964 income tax liability.

Since the taxability of the insurance proceeds is in dispute, whether they were received in 1963 or in 1964, it is necessary to deal with that issue also.

Both Revenue Ruling 59–360 and Millsap v. Commissioner of Internal Revenue, 387 F.2d 420 (8th Cir.1968), hold that insurance proceeds which compensate for additional living expenses constitute gross income under I.R.C. § 61. Plaintiffs contend that these holdings are erroneous in that they are inconsistent with other Revenue Rulings and decisions exempting various receipts from section 61's definition of gross income, and they are not in accord with the intent of section 61 to impose taxes only upon realized gains.

The Commissioner's rulings on other types of disputed income reflect a broad exercise of discretion, eliminating tax on various receipts which are not excludible from income under express provisions of the Internal Revenue Code (§§ 101–121). For example, moneys paid by fellow employees for transportation expenses in a car pool are held not includible in income because they constitute "reimbursement by them for their share of the personal expenses incurred in the operation of the automobile for their mutual convenience" (Rev.Rul. 55–555). A similar reason was once given for excluding allowances received pursuant to state law for transporting the taxpayer's children to school (Rev.Rul. 57–60), but this ruling was modified to base the exclusion on the fact that the recipient was performing a service in behalf of a governmental unit which was obligated to furnish transportation to school children (Rev.Rul. 60–280).

Where a governmental body makes a payment to a taxpayer, the Commissioner tends to exclude it from income, even though similar payments from a private source would be taxable. Examples are Rev.Rul. 60–279, relating to payments for moving expenses to individuals and families displaced by an urban renewal project; I.T. 3230 and Rev.Rul. 55–652, relating to unemployment insurance; Rev.Rul. 56–518, relating to compensation paid by the Federal Republic of Germany for persecution by the Nazi regime; and I.T. 3447, relating to Social Security payments.

In some cases the Commissioner has excluded payments from income simply to serve the administrative convenience of the payor, who would otherwise have

to maintain payroll deduction records. Such instances are I.T. 4068, relating to reimbursements to foster parents by a child placement agency, and Rev.Rul. 63–77, relating to reimbursement by a prospective employer for expenses incurred in connection with employment interviews.

The correctness of these rulings, or the Commissioner's statutory authority to make them, are not before this Court. There being no court review of rulings favorable to the taxpayer, such rulings cannot be tested, except by Congressional amendment of the statute. Only the propriety of Revenue Ruling 59–360 is before this Court.

■■ The broad and "all inclusive" nature of the term gross income as found in I.R.C. § 61 has repeatedly been interpreted as intended by Congress to exert "the full measure of its taxing power", Helvering v. Clifford, 309 U.S. 331, 334, 60 S.Ct. 554, 556, 84 L.Ed. 788 (1940). See also, Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 429, 75 S.Ct. 473, 99 L.Ed. 483 (1955). Administrative exceptions to this general rule, for whatever reason made, do not justify further judicial exceptions. Plaintiffs rely on Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570 (1920), in which the Supreme Court held stock dividends not to be taxable gain, and stated that "income may be defined as the *gain* derived from capital, from labor, or from both combined." But adding emphasis to the word "gain" does not detract from the broad definition of income in section 61(a) of the Internal Revenue Code of 1954 as including "all income from whatever source derived * * *"

Plaintiffs suggest other theories for minimizing the seeming inequity of taxation on insurance proceeds which merely cover abnormal expenses. Deducting the extra expenses from the insurance recovery is forbidden by I.R.C. § 262, which states that no deduction is allowed for living expenses, and § 165(c) (3) which permits deduction only for "losses of *property* not connected with a trade or business." (Rev.Rul. 59–398.)

Likening insurance to a "transaction entered into for profit," under I.R.C. 165(c) (2) would permit deduction of all past premiums on the same policy, but might not permit deduction of current premiums, on the theory that the transaction was not complete until a loss occurred. This seems to be a strained interpretation of an insurance contract, which is entered into for personal protection rather than for profit. (Cf. Austin v. Commissioner of Internal Revenue, 298 F.2d 583 [2d Cir. 1962].)

Deduction of expenses which gave rise to the insurance proceeds is also urged by plaintiffs as an alternative theory. The Internal Revenue Code permits the deduction of "expenses paid * * * for the production * * * of income." (§ 212 [1].) This does not permit deduction of the living expenses, as claimed, for they were incurred for personal reasons, and not for the purpose of collecting insurance. The premiums paid for the insurance, since its proceeds will constitute income, may more logically be claimed as a deductible expense. Premiums paid for insurance against extra living expense are in a different category from premiums on insurance for loss of property, where the proceeds will constitute income only to the extent that they exceed the tax base of the property. Deductibility of the premiums may not be determined in this case, for it does not appear that the premiums, for a three-year policy, were paid in either of the tax years, and taxpayers are not on the accrual basis.

■ Correction of inequities in the Internal Revenue Code must be left to Congress. Reliance on Congress is not merely a vain hope, for the income tax laws are constantly under Congressional review, and frequently amended. In fact, they have been amended in the field of personal expenses (e. g., Pub.L. 86–780, § 5, 74 Stat. 1010, permitting exclusion for a limited period of moving expenses reimbursed from funds of the

**210**

Atomic Energy Commission; cf. Rev. Rul. 59–231).

[7] Plaintiffs' motion for summary judgment is granted, on the ground that the insurance proceeds were not recovered until 1964, but subject to readjustment of their 1964 taxes as provided by law.

Settle order and judgment within twenty days on five days notice.